IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIIV HEALTHCARE COMPANY, SHIONOGI & CO., LTD., and VIIV HEALTHCARE UK (NO. 3) LIMITED, | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 1:17-cv-1737-MSG-CJB |
| DR. REDDY'S LABORATORIES, INC. and DR. REDDY'S LABORATORIES, LTD., | ) | |
| Defendants. | ) | |

**DRL'S ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendants Dr. Reddy's Laboratories, Inc. ("DRL Inc.") and Dr. Reddy's Laboratories, Ltd. ("DRL Ltd.") (collectively, "DRL"), by and through the undersigned attorneys, answer the Complaint of Plaintiffs ViiV Healthcare Company, Shionogi & Co., Ltd., and ViiV Healthcare UK (No. 3) Limited (collectively, "Plaintiffs"), as follows. This pleading is based upon DRL's knowledge as to its own activities, and upon information and belief as to the activities of others. Pursuant to Fed. R. Civ. P. 8(b)(3), DRL denies all allegations in Plaintiffs' Complaint except those specifically admitted below.

**THE PARTIES**

1. DRL is without sufficient knowledge and information to form a belief as to the allegations of paragraph 1 and therefore denies the same.

2. DRL is without sufficient knowledge and information to form a belief as to the allegations of paragraph 2 and therefore denies the same.

3. DRL is without sufficient knowledge and information to form a belief as to the allegations of paragraph 3 and therefore denies the same.

4. DRL admits that DRL Inc. is a corporation organized and existing under the laws of New Jersey, having a principal place of business at 107 College Road East, Princeton, New Jersey 08540.

5. DRL admits that DRL Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at 8-2-337 Road No. 3, Banjara Hills, Hyderabad, 500034, India.

6. DRL admits that it is in the business of marketing and selling generic pharmaceutical products in the United States. DRL denies the remaining allegations of paragraph 6.

7. DRL admits that DRL Inc. is a subsidiary of DRL Ltd. DRL denies the remaining allegations of paragraph 7.

8. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, DRL admits that it filed ANDA No. 210900 in order to obtain regulatory approval of its Proposed Dolutegravir Product in the United States. DRL denies the remaining allegations of paragraph 8.

9. DRL admits that DRL Inc. acted as DRL Ltd.'s agent in submitting ANDA No. 210900. DRL further admits that it filed ANDA No. 210900 in order to obtain approval to manufacture, import, market, and sell its Proposed Dolutegravir Product in the United States. DRL denies the remaining allegations of paragraph 9.

## NATURE OF THE ACTION

10. DRL admits that the Complaint purports to bring an action for infringement of the ’986 Patent and that the action purports to arise under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq.*, but denies that Plaintiffs are entitled to any relief. DRL admits that this action purports to relate to its ANDA No. 210900, which DRL further admits was filed to obtain approval of its Proposed Dolutegravir Product, which is a generic version of TIVICAY® (dolutegravir sodium tablets, eq. 50 mg base). DRL denies the remaining allegations of paragraph 10.

## JURISDICTION AND VENUE

11. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, DRL does not contest subject matter jurisdiction over Plaintiffs’ infringement claims against DRL under 35 U.S.C. § 271(e)(2)(A) for purposes of this action only. DRL denies the remaining allegations of paragraph 11.

12. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, DRL does not admit that personal jurisdiction is proper under the facts alleged in paragraph 12, but does not contest personal jurisdiction for purposes of this case only. DRL expressly reserves the right to contest personal jurisdiction in any other case as to any party, including Plaintiffs. DRL denies the remaining allegations of paragraph 12.

13. DRL admits that it markets and sells generic pharmaceutical products throughout the United States. DRL does not admit that personal jurisdiction is proper under the facts alleged in paragraph 13, but does not contest personal jurisdiction for purposes of this case only. DRL expressly reserves the right to contest personal jurisdiction in any other case as to any party, including Plaintiffs. DRL denies the remaining allegations of paragraph 13.

14. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, DRL does not admit that personal jurisdiction is proper under the facts alleged in paragraph 14, but does not contest personal jurisdiction for purposes of this case only. DRL expressly reserves the right to contest personal jurisdiction in any other case as to any party, including Plaintiffs. DRL denies the remaining allegations of paragraph 14.

15. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, DRL does not admit that personal jurisdiction is proper under the facts alleged in paragraph 15, but does not contest personal jurisdiction for purposes of this case only. DRL expressly reserves the right to contest personal jurisdiction in any other case as to any party, including Plaintiffs. DRL denies the remaining allegations of paragraph 15.

16. DRL admits that it markets and sells generic pharmaceutical products throughout the United States. DRL does not admit that personal jurisdiction is proper under the facts alleged in paragraph 16, but does not contest personal jurisdiction for purposes of this case only. DRL expressly reserves the right to contest personal jurisdiction in any other case as to any party, including Plaintiffs. DRL denies the remaining allegations of paragraph 16.

17. DRL admits that it filed ANDA No. 210900 to obtain approval of a generic version of TIVICAY® throughout the United States. DRL does not admit that personal jurisdiction is proper under the facts alleged in paragraph 17, but does not contest personal jurisdiction for purposes of this case only. DRL expressly reserves the right to contest personal jurisdiction in any other case as to any party, including Plaintiffs. DRL denies the remaining allegations of paragraph 17.

18. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, DRL does not admit that personal jurisdiction is proper under the

facts alleged in paragraph 18, but does not contest personal jurisdiction for purposes of this case only. DRL expressly reserves the right to contest personal jurisdiction in any other case as to any party, including Plaintiffs. DRL denies the remaining allegations of paragraph 18.

19. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, DRL does not contest that venue is proper in this judicial district for the purposes of this action only and expressly reserves the right to contest venue in any other case as to any party, including Plaintiffs. DRL denies the remaining allegations of paragraph 19.

## THE PATENT-IN-SUIT

20. DRL admits that a purported copy of the ’986 Patent is attached to Plaintiffs’ Complaint as Exhibit A, and that on its face, the ’986 Patent is titled “synthesis of carbamoylpyridone HIV integrase inhibitors and intermediates” and bears an issuance date of January 26, 2016. DRL further admits that the face of the ’986 Patent lists Shionogi & Co., Ltd. as an assignee. DRL denies that the ’986 Patent was legally or properly issued. DRL is without sufficient knowledge and information to form a belief as to the exclusive licensee of the ’986 Patent, and therefore denies the same. DRL denies the remaining allegations of paragraph 20.

## FACTUAL BACKGROUND

### *TIVICAY® (Dolutegravir) Tablets for Oral Use*

21. DRL admits that, on its face, the TIVICAY® Prescribing Information revised in November 2017 states TIVICAY® is indicated for the treatment of HIV-1 infection in adults and pediatric patients weighing at least 30 kg. DRL denies the remaining allegations of paragraph 21.

22. On information and belief, DRL admits that ViiV Healthcare Company is the holder of NDA No. 204790, which was approved for TIVICAY® containing 50 mg of dolutegravir as dolutegravir sodium. DRL denies the remaining allegations of paragraph 22.

23. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, DRL admits that the ’986 Patent is listed in the Orange Book in connection with TIVICAY®. DRL denies the remaining allegations of paragraph 23.

24. DRL is without sufficient knowledge and information to form a belief as to the allegations of paragraph 24 and therefore denies the same.

***Defendants’ ANDA No. 210900***

25. DRL admits that it sent Plaintiffs a letter dated October 19, 2017 (“the Notice Letter”) notifying Plaintiffs that DRL’s ANDA No. 210900 includes a paragraph IV certification to obtain approval of its Proposed Dolutegravir Product before the expiration of the ’986 Patent, and providing information pursuant to 21 U.S.C. § 355(j)(2)(B). DRL denies the remaining allegations of paragraph 25.

26. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, DRL admits that it was aware of the ’986 Patent at the time of filing ANDA No. 210900. DRL denies the remaining allegations of paragraph 26.

27. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, DRL denies the allegations of paragraph 27.

28. DRL admits that, pursuant to 21 U.S.C. § 355(j)(2)(A), DRL’s ANDA No. 210900 refers to TIVICAY® as the listed drug for its Proposed Dolutegravir Product and contains bioequivalence data with respect to TIVICAY®. DRL denies the remaining allegations of paragraph 28.

29. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, DRL denies the allegations of paragraph 29.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,242,986**

30. DRL restates its answers to paragraphs 1−29 as if fully set forth herein.

31. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, DRL denies the allegations of paragraph 31.

32. DRL admits that it provided Plaintiffs with an Offer of Confidential Access ("OCA") related to ANDA No. 210899. DRL further admits that in an October 10, 2017 email, Plaintiffs requested that DRL agree to modify the OCA. DRL denies the remaining allegations of paragraph 32.

33. DRL admits that on October 13, 2017, Plaintiffs and DRL held a meet and confer to discuss revisions to the OCA related to ANDA No. 210899. DRL denies the remaining allegations of paragraph 33.

34. DRL admits that on October 23, 2017, DRL requested Plaintiffs send a revised version of the OCA related to ANDA No. 210899. DRL further admits that on October 24, 2017, Plaintiffs sent DRL a revised version of the OCA related to ANDA No. 210899. DRL denies the remaining allegations of paragraph 34.

35. DRL admits that on October 25, 2017, it sent Plaintiffs a revised version of the OCA related to ANDA No. 210899. DRL denies the remaining allegations of paragraph 35.

36. DRL admits that on November 8, 2017, Plaintiffs sent DRL a revised version of the OCA for ANDA No. 210899. DRL further admits that on November 13, 2017, Plaintiffs requested DRL agree to the revised OCA for both ANDA No. 210899 and ANDA No. 210900. DRL denies the remaining allegations of paragraph 36.

37. DRL admits that on November 14, 2017, Plaintiffs sent DRL an executed revised OCA related to both ANDA No. 210899 and ANDA No. 210900. DRL denies the remaining allegations of paragraph 37.

38. DRL admits that on November 17, 2017, pursuant to the revised OCA, it produced to Plaintiffs' outside counsel portions of ANDA No. 210900 and portions of the Drug Master File for Dolutegravir Sodium (Process-2). DRL denies the remaining allegations of paragraph 38.

39. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, DRL denies the allegations of paragraph 39

40. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, DRL denies the allegations of paragraph 40.

41. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, DRL denies the allegations of paragraph 41.

42. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, DRL denies the allegations of paragraph 42.

43. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, DRL denies the allegations of paragraph 43.

44. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, DRL denies the allegations of paragraph 44.

45. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, DRL denies the allegations of paragraph 45.

46. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, DRL admits that it was aware of the '986 Patent at the time of filing ANDA No. 210900. DRL denies the remaining allegations of paragraph 46.

47. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, DRL denies the allegations of paragraph 47.

48. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, DRL denies the allegations of paragraph 48.

**RESPONSE TO PRAYER FOR RELIEF**

The remainder of Plaintiffs' Complaint recites a prayer for relief to which no response is required. To the extent any response is required, DRL denies that Plaintiffs are entitled to any remedy or relief. Further, DRL prays that the Plaintiffs' Complaint be dismissed in its entirety, that Plaintiffs take nothing by way of the allegations complained of in the Complaint, and that DRL be awarded its costs, including reasonable attorneys' fees incurred in defense of this action, and for all other appropriate relief.

**DRL'S AFFIRMATIVE DEFENSES**

DRL asserts the following defenses without prejudice to the denials in this Answer, and without admitting any allegations of the Complaint not otherwise admitted. DRL does not assume the burden of proof on any such defenses, except as required by applicable law with respect to the particular defense asserted. DRL reserves the right to assert other defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

**FIRST DEFENSE**

Claims of the '986 Patent are invalid for failure to comply with the statutory provisions of Title 35 of the United States Code, including without limitation sections 101, 102, 103 and/or 112, or other judicially created bases for invalidity.

**SECOND DEFENSE**

The filing of DRL's ANDA has not infringed, does not infringe, and will not infringe any valid and enforceable claim of the '986 patent.

## THIRD DEFENSE

The manufacture, use, sale, offer for sale, or importation of DRL's ANDA Product has not, does not, and would not infringe, directly or indirectly, any valid and enforceable claim of the '986 patent, either literally or under the doctrine of equivalents.

## FOURTH DEFENSE

Plaintiffs are estopped from asserting infringement of the '986 Patent by the doctrine of prosecution history estoppel, judicial estoppel, and/or other equitable doctrines.

## FIFTH DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## SIXTH DEFENSE

DRL has not willfully infringed any claim of the '986 patent.

## SEVENTH DEFENSE

Any additional defenses that discovery may reveal.

## PRAYER FOR RELIEF

WHEREFORE, DRL respectfully prays that this Court enter judgment in its favor and against Plaintiffs as follows:

(a) granting DRL judgment in its favor on Plaintiffs' Complaint;

(b) denying Plaintiffs' request for injunctive relief;

(c) dismissing Plaintiff's Complaint with prejudice;

(d) finding that this is an exceptional case under 35 U.S.C. § 285 and awarding DRL its attorneys' fees, costs, and expenses in this action; and

(e) awarding DRL any further and additional relief as the Court deems just and proper.

*OF COUNSEL:*

Kathleen B. Barry
35 West Wacker Drive
Chicago, IL 60601
Ph: (312) 558-5600
Fax: (312) 558-5700
kbarry@winston.com

Jovial Wong
Claire A. Fundakowski
Sharon Lin
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 2006-3817
Ph: (202) 282-5000
Fax: (202) 282-5100
jwong@winston.com
cfundakowski@winston.com
slin@winston.com

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

*/s/ Dominick T. Gattuso*
Dominick T. Gattuso (#3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law

*Attorneys for Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd.*

Dated: February 12, 2018